Dear Senator Strong:
This is in response to your request for an opinion of this office on the following questions:
 All questions pertain to Chapter 349.010 RSMo, "Industrial Development Funding Act" [sic]
 1. Under section 2, paragraph 2(f): can a non-profit retirement facility be defined as an "industrial development corporation" under the given definitions?
 2. Under section 10, paragraph (4), if a non-profit retirement facility is licensed by the State of Missouri, is a legal 501C3 corporation, and is licensed to do business in the state of Missouri, is it included in the definition of a "commercial facility"?
The Industrial Development Funding Act (hereinafter sometimes referred to as "Act") originated as C.C.S.S.B. 681, 1982 Mo. Laws 266, and is now codified at Section 100.250 to 100.295, RSMo Supp. 1982.
In answer to your first question, section 2, paragraph (2)(f) of the Act is now codified at Section 100.255(2)(f), RSMo Supp. 1982, which states:
 As used in sections 100.250 to 100.295, unless the context clearly requires otherwise, the following terms shall mean:
. . . ;
 (2) "Development agency", any of the following:
. . . ;
 (f) An industrial development corporation established pursuant to sections 349.010
to 349.100, RSMo; [Emphasis in original and revisor's note omitted.]
Although you do not specifically state how the non-profit retirement facility is incorporated, a not for profit corporation incorporated under Chapters 352 or 355, RSMo 1978 and Supp. 1982, cannot be an industrial development corporation incorporated under Chapter 349, RSMo 1978 and Supp. 1982.
We view your first question as asking whether a "non-profit retirement facility" can be a "project" under Section 100.255(5), RSMo Supp. 1982, which defines the word "project" as:
 [T]he purchase, construction, extension, and improvement of real estate, plants, buildings, structures or facilities, used or to be used as a factory, assembly plant, manufacturing plant, fabricating plant, distribution center, warehouse building, port terminal or facility, transportation and transfer facility, or industrial plant. The term "project" shall also include any required improvements, including, but not limited to, road or rail construction, alteration or relocation, and construction of facilities to provide utility service for any of the facilities defined as a project under this subdivision, along with any fixtures, equipment, and machinery, and any demolition and relocation expenses required in connection with any such projects. [Emphasis in original.]
It is the opinion of this office that non-profit retirement facilities do not, under this definition, come within the scope of the term "project".
C.C.S.S.B. 681 also enacted Section 349.010, RSMo Supp. 1982. We view your second question as asking whether a non-profit retirement facility, licensed by the State of Missouri and tax-exempt under I.R.C. Section 501(c)(3), is a "commercial facility" as that phrase is used in the definition of the word "project" in Section 349.010(4), RSMo Supp. 1982. That statute states:
 "Project" means the purchase, construction, extension and improvement of plants, buildings, structures, or facilities, whether or not now in existence, including the real estate, used or to be used as a factory, assembly plant, manufacturing plant, processing plant, fabricating plant, distribution center, warehouse building, waterborne vessels excepting commercial passenger vessels for hire in a city not within a county built prior to 1950, office building, for profit or not for profit hospital, commercial or agricultural facility, or facilities for the prevention, reduction or control of pollution. Included in all of the above shall be any required fixtures, equipment and machinery. Excluded are facilities designed for the sale or distribution to the public of electricity, gas, water or telephone, together with any other facilities for cable television and those commonly classified as public utilities. Projects of a municipal authority must be located wholly within the incorporated limits of the municipality except that such projects may be located outside the corporate limits of such municipality and within the county in which the municipality is located with permission of the governing body of the county. Projects of a county authority must be located within an unincorporated area of such county except that such projects may be located within the incorporated limits of a municipality within such county, when approved by the governing body of the municipality. [Emphasis added in part.]
Senate Bill No. 298, First Regular Session, 82nd General Assembly, failed to pass. This bill would have interjected the words "not for profit nursing or retirement facility or combination thereof" between the phrase "for profit or not for profit hospital" and the phrase "commercial or agricultural facility" in Section 349.010(4), RSMo Supp. 1982. Rejection of Senate Bill No. 298 shows a legislative intent not to include retirement facilities within the scope of the definition of the word "project" in Section 349.010(4), RSMo Supp. 1982. In light of the rejection of Senate Bill No. 298, this office cannot circumvent this action of the General Assembly by concluding that non-profit retirement facilities are commercial facilities.
CONCLUSIONS
It is the opinion of this office that:
(1) Non-profit retirement facilities do not come within the definition of the word "project" in Section 100.255(5), RSMo Supp. 1982; and
(2) non-profit retirement facilities do not come within the definition of the word "project" in Section 349.010(4), RSMo Supp. 1982.
Very truly yours,
 JOHN ASHCROFT Attorney General